# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DEANGELO GALES,

    Plaintiff,

v.

COMMISSIONER HOMER BRYSON;
GREGORY C. DOZIER; WARDEN TOM
GRAMIAK; DERRICK MCKINNEY;
WILLIAM STEEDLY; KIMBERLY LOWE;
and NATHAN BROOKS,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-65

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Defendants filed a Partial Motion to Dismiss. (Doc. 34.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT IN PART AND DENY IN PART** Defendants' Motion. The Court should **DISMISS** all monetary damages claims against all Defendants in their official capacities and all claims against all Defendants for punitive and compensatory damages as well as any claims for attorneys' fees. Additionally, the Court should **DISMISS** Plaintiff's First Amendment claims as to all Defendants. However, the Court should **DENY** that portion of Defendant's Motion that seeks dismissal of Defendants Homer Bryson and Gregory C. Dozier, but **DISMISS** Plaintiff's claims for injunctive relief against Defendant Bryson.

Plaintiff's claims for injunctive relief and nominal damages for violation of his due process rights under the Fourteenth Amendment against Defendants Dozier, Tom Gramiak,

Derrick McKinney, William Steedley, Kimberly Lowe, and Nathan Brooks, should proceed. Plaintiff's claims for nominal damages for violation of his due process rights under the Fourteenth Amendment against Defendants Bryson should also proceed.

The Court **LIFTS** the stay of discovery in this action and issues the below Scheduling Order. The Court **GRANTS** Defendant's Motion for Copy of the Docket Sheet. The Clerk of Court is **DIRECTED** to Provide Plaintiff with a copy of the docket sheet along with this Order. Plaintiff is advised that the Clerk may require prepayment for any future copies of any documents including the docket sheet.

## BACKGROUND

Plaintiff filed this action contesting certain conditions of his confinement at Ware State Prison. Specifically, Plaintiff contends that Defendants have violated his rights to due process by placing him in the Tier II administrative segregation unit ("Tier II Unit") as a result of his being labeled a member of the Goodfellas gang. (Doc. 23.) Plaintiff maintains that he is not a member of the gang and that he has not been provided with a hearing to contest his placement. Plaintiff alleges he has been on "lockdown" for years and has not been told that his placement is indefinite. Id. He also contends that his placement is a result of a policy decision by Defendants Bryson and Dozier and carried out by the other Defendants regarding all suspected Goodfellas members. Id. Plaintiff states that his conditions in the Tier II Unit differ significantly than the conditions in the general population including limited recreation and time outside of his cell, limited access to the law library and legal materials, a lack of procedure for challenging disciplinary actions, limited phone calls and contact visits, and more frequent strip searches. (Doc. 1-2; Doc. 23.)

I conducted a frivolity review of Plaintiff's Complaint on January 11, 2016. (Doc. 14.) I recommended that the Court dismiss all of Plaintiff's monetary damages claims against Defendants in their official capacities as well as his claims for compensatory and punitive damages. (Id. at pp. 5–6.) However, I found that Plaintiff plausibly alleged that Defendants violated his rights to due process. (Id. at pp. 8–11.) Thus, I ordered that the Complaint be served on the Defendants named in the original Complaint, Defendants Bryson, Dozier, Gramiak, and McKinney. (Id. at p. 13.) Plaintiff filed no objections to the Report and Recommendation, and the Court adopted that recommendation. (Doc. 15.) Thus, the Court dismissed claims against Defendants in their official capacities as well as his claims for compensatory and punitive damages and stated that Plaintiff's claims for nominal damages and injunctive relief will proceed.

Plaintiff amended his Complaint, with leave of the Court, on March 4, 2016. (Doc. 23.) That Complaint listed Gramiak, Brooks, Steedley, Lowe, and McKinney as Defendants. Id. These Defendants, as well as Defendants Bryson and Dozier filed a Motion to Dismiss certain claims on April 13, 2016. (Doc. 34.) After the Court granted Plaintiff an extension of time to respond to that Motion, Plaintiff originally failed to file a response. Thus, I recommended that the Court dismiss this action for Plaintiff's failure to prosecute and follow this Court's Orders. (Doc. 42.) However, after Plaintiff filed another Motion for Extension of Time, the Court granted that extension and vacated the Report and Recommendation. (Docs. 44, 46.) With Plaintiff now having filed a Response in Opposition to the Motion to Dismiss, (doc. 45), Defendants' Motion is ripe for review.

**STANDARD OF REVIEW**

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

**DISCUSSION**

**I.    Claims for Monetary Damages Against Defendants in Their Official Capacities**

As explained in the January 11, 2016, Report and Recommendation, because Defendants are state employees, "Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities." (Doc. 14, pp. 5–6.) Plaintiff did not object to that recommendation, and the Court adopted the recommendation and dismissed all such claims on

February 3, 2016. (Doc. 15.) However, Plaintiff names Defendants in both their individual and official capacities in his Amended Complaint. (Doc. 23.) Thus, Defendants moved to dismiss Plaintiff's claims for monetary relief against them in their official capacities. (Doc. 34, pp. 4–5.) For the reasons stated in the Report and Recommendation, the Court should reiterate that all monetary claims against all Defendants in their official capacities are **DISMISSED**.

## II.     Dismissal of Claims for Compensatory and Punitive Damages

Similarly, the Report and Recommendation recommended the dismissal of all claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1997e(e). (Doc. 14, pp. 6–7.) Again, Plaintiff did not object to that recommendation, and the Court adopted it and dismissed all such claims. (Doc. 15.) Nonetheless, Plaintiff seeks compensatory and punitive damages in his Amended Complaint. (Doc. 23.) Consequently, Defendants moved to dismiss those claims. (Doc. 34, pp. 5–6.) Nowhere in the Amended Complaint or in response to the Motion to Dismiss does Plaintiff plausibly allege that Defendants have caused him a physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Consequently, for the reasons stated in the Report and Recommendation, the Court should reiterate that all claims for compensatory and punitive damages are **DISMISSED**. Likewise, the Court should **DISMISS** Plaintiff's claims for attorneys' fees. Regardless of the availability of such relief, Plaintiff is proceeding *pro se* and, as such, has not incurred any attorneys' fees.

## III.    Dismissal of First Amendment Claims

In his Amended Complaint, Plaintiff alleges that Defendant McKinney is the Security Threat Coordinator at Ware State Prison and that McKinney is responsible for conducting

5

security threat group investigations. (Doc. 23, p. 2.) Plaintiff contends that Defendant McKinney denied Plaintiff an investigation as well as a subsequent hearing, both of which are required by prison policy. (Id. p. 3.) As stated in the Report and Recommendation, these allegations implicate the Fourteenth Amendment. However, in his Amended Complaint, Plaintiff inexplicably contends McKinney also violated rights secured by the First Amendment. (Doc. 23, p. 5.)[1]

Plaintiff does not allege what right secured by the First Amendment that McKinney or any other Defendant supposedly violated. He does not raise any instance of speech or exercise of religion or other protected activity. Moreover, he does not explain how any Defendant infringed upon any such protected activity. In essence, Plaintiff alleges that McKinney violated his First Amendment rights without any facts to support that allegation. Thus, Plaintiff's First Amendment claims consist of nothing more than "labels and conclusions" which cannot survive a Motion to Dismiss. Ashcroft, 556 U.S. at 678.

The most that Plaintiff offers in his Response Brief is that the "freedom of association" gives Plaintiff the right "to associate with any group of people" and that the Defendants violated his First Amendment Rights by labelling him a member of the Goodfellas Gang. (Doc. 45-1, p. 6.) "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). However, the "very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." Overton v. Bazzetta, 539 U.S. 126, 131 (2003). Pertinently, the constitutional "freedom of association is among the rights least compatible with incarceration." Id. Thus,

---

[1] Plaintiff only levied his First Amendment claims against Defendant McKinney in his Amended Complaint. However, in his Response Brief, he states that "all of the Defendants violated [his] First Amendment rights." (Doc. 45, p. 2.)

6

Courts have routinely held that prisoners do not have an absolute right to associate with other inmates. See, e.g., Malik v. Mack, 15 F. Supp. 2d 1047, 1050 (D. Kan. 1998) (prisoner's placement first in solitary confinement and later in administrative segregation did not violate right to association); Fisher v. Goord, 981 F.Supp. 140, 169 (W.D.N.Y.1997) (an inmate does not have a "constitutional or statutory right to . . . associate with other inmates"); Paka v. Manson, 387 F. Supp. 111, 123 (D. Conn. 1974) (prison's refusal to allow inmates to form, join, and conduct a prisoners' union did not violate right to assembly).

Additionally, "[t]he Supreme Court's freedom of association jurisprudence divides into two strains." Fredericks v. Twp. of Weehawken, No. CIV. 2:11-05363 WJM, 2012 WL 5628196, at *8 (D.N.J. Nov. 15, 2012) (citing Roberts v. United States Jaycees, 468 U.S. 609, 617 (1984)). The first strain applies to intimate relationships while the second strain recognizes the right to associate to participate in activities protected by the First Amendment: speech, assembly, petition for the redress of grievances, and the exercise of religion. Id.

Plaintiff has not explained how Defendants' conduct towards him has infringed his right to association. He has not alleged that Defendants have prevented him from seeing any visitors from outside the prison walls or gathering with any group of fellow inmates. Nowhere in his Complaint does he allege that his placement in administrative segregation has curtailed any intimate relationships or any right to participate in activities protected by the First Amendment. Moreover, because of his incarceration, Plaintiff no longer has the freedom to associate with anyone he chooses. Any argument to the contrary misses the entire point of prison.

For all of these reasons, the Court should **DISMISS** Plaintiff's First Amendment claims.

## IV. Claims against Defendants Bryson and Dozier

In his original Complaint, Plaintiff sued Homer Bryson, the former Commissioner of the Georgia Department of Corrections ("GDOC"), and Gregory Dozier, formerly GDOC's Assistant Commissioner and now Commissioner. (Doc. 1.) However, he did not list these individuals as Defendants in his Amended Complaint. (Doc. 23, pp. 1–2.) As Defendants point out in their Motion to Dismiss, Plaintiff's Amended Complaint replaces his original Complaint as the operative pleading in this case. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Because Plaintiff no longer listed Bryson and Dozier as Defendants, Defendants understandably argued that Plaintiff intended to abandon his claims against these two Defendants. Thus, they petitioned the Court to dismiss Bryson and Dozier from this action. (Doc. 34, pp. 3–9.)

However, in his Objections Plaintiff indicates that he is pursuing claims against Bryson and Dozier. Moreover, though Plaintiff did not list Bryson and Dozier in the caption of his Amended Complaint, he did make allegations against them. Specifically, he claims that his unlawful placement in administrative segregation results from a statewide policy approved and continued by Bryson and Dozier. (Doc. 23, p. 3 ("Upon Information & Belief Commissioner Homer Bryson and Asst. Gregory C. Dozier approved the continuance of the statewide hold upon taking office.").)[2] Thus, Plaintiff has not abandoned his claims against Bryson and Dozier, and,

---

[2] Defendants do not argue whether Plaintiff's Amendment Complaint states a claim against Bryson and Dozier upon which relief can be granted. A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) **the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights**, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an

therefore, the Court should **DENY** Defendant's Motion to Dismiss all claims against these two Defendants. Plaintiff's due process claims against Bryson and Dozier should proceed. However, because Bryson is no longer employed with the GDOC, he cannot provide the injunctive relief Plaintiff seeks. Therefore, the Court should **DISMISS** all claims for injunctive relief against him.

**V.      Lifting of Discovery Stay and Scheduling Order**

Regardless of the Court's ultimate action on this Report and Recommendation, some of Plaintiff's claims will survive Defendants' Motion to Dismiss. Moreover, this Report and Recommendation clarifies what claims will likely be relevant to discovery and what parties will remain in this action. Thus, the Court **LIFTS** the stay of discovery in this case and issues the below Scheduling Order.

These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause. Further, the Court **DIRECTS** the parties to review the Court's February 19, 2016 Order and to pay particular attention to the instructions in that Order regarding discovery. (Doc. 12, pp. 10–14.)

---

alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (emphasis supplied). Plaintiff has sufficiently alleged that his placement in administrative confinement resulted from a policy maintained by Bryson and Dozier.

9

The following deadlines shall govern the future litigation of this case.

| | |
|---|---|
| WRITTEN DISCOVERY UNDER RULES 33 THROUGH 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE | June 22, 2017 |
| DISCOVERY DEPOSITION OF WITNESSES WHO HAVE NOT BEEN DESIGNATED AS EXPERTS | June 22, 2017 |
| DEPOSITIONS OF ALL WITNESSES (WHETHER FACT OR EXPERT) THAT ARE *DE BEN ESSE* DEPOSITIONS AND TAKEN NOT FOR DISCOVERY BUT FOR USE AT TRIAL | June 22, 2017 |
| LAST DAY TO SERVE EXPERT WITNESS REPORTS BY PLAINTIFF | April 3, 2017 |
| LAST DAY TO SERVE EXPERT WITNESS REPORTS BY A DEFENDANT | May 3, 2017 |
| DISCOVERY DEPOSITION OF WITNESSES WHO HAVE BEEN DESIGNATED AS EXPERTS | June 22, 2017 |
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | July 24, 2017 |

**CONCLUSION**

For the numerous reasons set forth above, I **RECOMMEND** that the Court **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss. The Court should **DISMISS** all monetary damages claims against all Defendants in their official capacities and all claims against all Defendants for punitive and compensatory damages and attorneys' fees. Additionally, the Court should **DISMISS** Plaintiff's First Amendment claims. However, the Court should **DENY** that portion of Defendant's Motion that seeks dismissal of Defendants Bryson and Dozier but **DISMISS** claims for injunctive relief against Defendant Bryson.

The Court **ORDERS** that any party seeking to object to this Report and Recommendation file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 3rd day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA